UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18CR1027 RLW |
| ) | |
| ANTONIO HENLEY, JR., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Antonio Henley, Jr.'s ("Defendant") Emergency Motion for Compassionate Release. (ECF No. 109). Defendant seeks a reduction of his sentence to time served based on his medical condition and the current COVID-19 pandemic. Upon review of the motion, the Court will deny Defendant's motion for compassionate release.

**I.    BACKGROUND**

On December 5, 2019, Defendant pleaded guilty to being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). (ECF No. 82). On March 17, 2020, Defendant was sentenced to 12 months and one day of imprisonment, followed by two years of supervised release. (ECF No. 106).

Defendant, now 29, claims he had a heart attack in 2017 and a stroke in 2019. Defendant maintains that he would be at higher risk of illness or death if he contracted COVID-19 due to his preexisting medical conditions. Defendant seeks modification of his sentence to allow home confinement for the remainder of his term if incarceration, which would be until November 2020.

Defendant was unable to submit a request for release from the Federal Board of Prisons ("BOP") because he remains in the custody of the Lincoln County Jail. The BOP suspended

transfers to other facilities because of the COVID-19 pandemic. Defendant's counsel submitted a request to the BOP, but the BOP responded that Defendant had to submit his request to the District Court since Defendant was not in the custody of the BOP.

## II.   LEGAL STANDARD

The First Step Act of 2018 was enacted on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. As amended by the First Step Act, the compassionate release statute, 18 U.S.C. § 3582(c), provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
>> (1) in any case—
>>
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>>
>>>> (i) ***extraordinary and compelling reasons warrant such a reduction***;
>>>>
>>>> . . .
>>>
>>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i) (Emphasis added).

The United States Sentencing Commission ("the Commission") describes what is considered an extraordinary and compelling reason. 28 U.S.C. § 994(t); *see also White v. United States*, 378 F. Supp. 3d 784, 785 (W.D. Mo. 2019). Under U.S.S.G. § 1B1.13, the Court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set

2

forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the Court determines "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." In Application Note 1 to § 1B1.13, the Commission identifies "extraordinary and compelling reasons" to include the following: (A) the medical condition of the defendant; (B) the defendant's age (at least sixty-five years old); (C) family circumstances such as the death or incapacitation of the caregiver of the defendant's minor children; or (D) other reasons as determined by the Director of the BOP other than, or in combination with, the reasons described in subdivisions (A) through (C). U.S.S.G. § 1B1.13, Application Note 1. The defendant has the burden to prove a sentencing reduction is warranted. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016). "Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C § 994(t). Moreover, "a compassionate release ... is an extraordinary and rare event." *White*, 378 F.Supp.3d at 787.

A defendant may bring his own motion if he has exhausted his administrative appeals or, after the warden of the defendant's facility receives the request for compassionate release, the warden does not respond within 30 days. Pub. L. No. 115-391, 132 Stat. 5194, § 603(b). Section 603(b) of the First Step Act permits a defendant to bring such a motion but only "after either exhausting administrative rights to appeal BOP's failure to bring such a motion or the passage of 30 days from the defendant's unanswered request to the warden for such relief." *United States v. Lynn*, No. CR 89-0072-WS, 2019 WL 3805349, at *1 (S.D. Ala. Aug. 13, 2019). As previously discussed, Defendant attempted to contact the BOP to exhaust his administrative remedies, but the BOP noted Defendant was held in Lincoln County Jail and not in BOP custody. No party argues that Defendant's motion is inappropriately before the Court. Thus, the Court considers Defendant's motion to reduce his sentence.

3

### III.  DISCUSSION

Defendant claims he suffered a heart attack in 2017 and a stroke in 2019. He argues his continued incarceration places him in exceptional danger due to his pre-existing health condition (heart attack and stroke), which he claims puts him at higher risk of serious complications and death from the respiratory symptoms of COVID-19.

Defendant, however, has not identified extraordinary or compelling circumstances. Defendant argues that his prior heart attack and stroke potentially entitle him to release, but his fear of contracting COVID-19 is insufficient to qualify him for release. "As relevant here, a defendant's medical condition, in narrow circumstances, may form the basis for a reduction in sentence under the Commission's policy statement." *United States v. Mork*, No. 17-CR-176 (SRN/SER), 2020 WL 3026647, at *3 (D. Minn. June 5, 2020) (citing U.S.S.G. 1B1.13 cmt. n.1(A)-(C)). The policy statement provides that a reduction is warranted if the defendant is suffering from either (1) a "terminal illness" or (2) a serious physical or mental condition "that substantially diminishes" the ability of the defendant to provide self-care and "from which he or she is not expected to recover." U.S.S.G. § 1B1.13, Cmt. 1(A). The policy statement also provides a catch-all provision, allowing courts to consider "other extraordinary and compelling reasons that exist either separately or in combination with previously described categories." *United States v. Walker*, No. 16-cr-33(1) (DWF/LIB), 2020 WL 2490101, at *3 (D. Minn. May 14, 2020) (citing U.S.S.G. § 1B1.13).

"[T]he Court agrees with the findings of several courts that 'mere speculation of the possibility of contracting the virus' is insufficient to justify release under § 3582(c)(1)(A)." *Mork*, 2020 WL 3026647, at *4–5 (citing *United States v. Fry*, No. 11-cr-141 (PAM/KMM), 2020 WL 1923218, at *1 (D. Minn. Apr. 21, 2020)); *see also Raia*, 954 F.3d at 957 ("the mere existence of

4

COVID-19 in society and the possibility that it may spread to a particular a particular prison alone cannot independently justify compassionate release."). Rather, district courts require, in the context of the general danger presented by COVID-19, that an inmate demonstrate both "a particularized susceptibility to the disease" and "a particularized risk of contracting the disease at his prison facility." *United States v. Feiling*, —— F. Supp. 3d ——, 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020) (collecting cases); *Ramirez*, 2020 WL 2404858, at *3; *Shamilov*, 2020 WL 2029600, at *3. Against these standards, Defendant fails to present extraordinary and compelling reasons for his release on home confinement. The Court notes that heart disease can place people at greater risk for serious complications from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited 6/16/20). Although some of the listed conditions may establish a particularized susceptibility to COVID-19, including his stroke and heart conditions, Defendant offers no current documentation of any of his ongoing health concerns. *See United States v. Black*, No. 18-cr-646, 2020 WL 1930149, at *3 (N.D. Ohio Apr. 21, 2020) (denying motion for compassionate release, in part, because inmate offered no medical records substantiating his claim of treatment for high blood pressure and diabetes); *United States v. Dickson*, No. 19-cr-251, 2020 WL 1904058, at *3 (N.D. Ohio Apr. 17, 2020) (finding that inmate failed to establish he is at a higher risk of contracting COVID-19 because he offered no medical records substantiating his asthma and respiratory issues); *Shamilov*, 2020 WL 2029600 at *2-3 (denying motion for compassionate release where inmate provided no documentation of underlying conditions) (citing *United States v. Gutierrez*, No. 05-cr-217 (RB), 2019 WL 1472320, at *2 (D.N.M Apr. 3, 2019)). The Court is therefore unable to find that Defendant is at an elevated risk of developing the more severe symptoms of COVID-19 as a result of his conditions. *See Mork*, 2020 WL 3026647, at *5.

Moreover, even assuming his underlying medical conditions exist, Defendant has failed to demonstrate a particularized risk of contracting the disease. Although the Lincoln County Jail previously had a COVID-19 outbreak, it currently has no active cases. Thus, while Defendant avers that Lincoln County Jail and the BOP have failed to take necessary steps to mitigate the virus' spread among the inmate population, the facility appears to have been successful at containing and stopping any spread of COVID-19. Additionally, there is no indication that the Lincoln County Jail and any other BOP facility will be unable to handle an outbreak at this time or otherwise accommodate Defendant's specific health concerns should he contract the virus. *See* https://www.bop.gov/coronavirus/index.jsp (last visited 6/16/20). The Court therefore finds that Defendant's medical condition does not warrant compassionate release. Nor does the Court find that other compelling circumstances support his request. In fashioning an appropriate sentence, the Court applied the § 3553 factors to Defendant. There is no change in circumstances that supports the reduction of his sentence. *Mork*, 2020 WL 3026647, at *5.

Defendant also has not established that he does not present a danger upon immediate release. *See* 18 U.S.C. § 3582(c)(1)(A). Considering the nature and circumstances of the offense and the history and characteristics of Defendant, the Court continues to find that his remaining sentence is just and fair under the totality of the circumstances. As stated above, when considering a motion for compassionate release, the Court must "consider the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant;" as well as the need for the sentence imposed, *inter alia*, "to afford adequate deterrence to criminal

6

conduct" and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). The Court is concerned about Defendant's failed opportunities to conform his behavior to acceptable societal norms and failure to show he would be no danger to members of the community if released. Defendant incurred twelve bond violations while on pretrial bond, before ultimately being revoked from bond on February 4, 2020. Defendant was just recently sentenced in March 2020. The Court holds Defendant remains a threat to the community, particularly based upon his prior behavior while on bond, and such a short sentence would not be sufficient to deter Defendant from committing future crimes. The Court finds that Defendant fails to show that he poses no danger to the community Thus, the Court finds Defendant has failed to carry his burden for release.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Antonio Henley, Jr.'s Emergency Motion for Compassionate Release. (ECF No. 109) is **DENIED.**

Dated this 17th day of June, 2020.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE